## SUPREME COURT.

THE PEOPLE agt. THE THIRD AVENUE RAILROAD COMPANY.

Where the plaintiff's *title* to the premises claimed is alleged in the complaint, and is denied by the defendant's answer, and the trial proceeds without any testimony on the subject, the defendant cannot raise that question on *appeal*, where he omitted to raise it at the trial when the plaintiff rested.

The *extension of a railroad* in the city of New York cannot be authorized by the common council, irrespective of any legislative grant, except perhaps where it may be necessary to the enjoyment of the *principal legal grant.*

*New York General Term, September,* 1865.

*Before* INGRAHAM, *P. J.,* SUTHERLAND *and* PECKHAM, *Justices*

THIS is an appeal from the judgment entered at special term against the defendant, perpetually enjoining it from laying or operating a railroad along certain streets in the decree mentioned, among others from Third avenue through One Hundred and Thirtieth street to the east side of Fourth avenue. The defendant appeals from the whole decree, but argues only the question as to the extension from Third to Fourth avenue.

H. H. ANDERSON, *for plaintiffs and respondents.*

C. N. POTTER, *for appellant.*

By the court, PECKHAM, J. A point is made here that there is no proof that the plaintiffs had any interest in the streets referred to, or in relation to the ownership thereof. The title therein is alleged in the complaint to be in the plaintiffs; this allegation is denied in the answer, and there is in truth no testimony in the case on the subject. Yet I do not think the defendant can now raise the point, as it did not raise it at the trial, when plaintiffs rested. The defendant proceeded without objection, as if a cause of action had been made out, to introduce evidence on its side, so that if such proof were otherwise necessary, the cause having been tried upon the assumption of the existence of

the fact on both sides, I do not think its absence can be now insisted on as an objection. The defendant objects to the injunction on several grounds :

First. It is insisted that the common council had power to direct the occupation of One Hundred and Thirtieth street by defendant, because the occupation is temporary, allows no separate business, nor any compensation for business done on it. I do not perceive that either of these grounds exists in fact. There is nothing in the resolution of the common council declaring this occupation to be temporary, or in any respect differing from any other part of the defendant's road. There is no reason for its being otherwise than permanent, as permanent as the defendant's existence. But how long is it to continue ? A week, a month, or a year, or during the pleasure of the common council ? The difficulty is, that it has no authority to be there at all—not for a day. The statute is peremptory, that it shall not be lawful " to lay, construct or operate " it at all without legislative authority (*Laws of* 1860, *p.* 16).

Again, there is no prohibition against its receiving fare on this extension or branch of its road, only defendant is to " operate said extensions in connection with the rest of their line, at the same rate of fare fixed by their grant." At the same rate of fare—not without any fare. True, it allows no independent, separate business, but it allows an extension of its general business. Then it is urged that this extension was a necessary incident to the principal subject of the grant, which is conceded to have been legal. This may well be true, but it is a question of fact, and the burden of its proof rests upon the defendant. The judge, impliedly at least, has found against the defendant as to this fact. He finds the fact set forth in the complaint to be true. In the complaint it is alleged that this extension is without authority, and that it is a public nuisance. It could be neither, if it were a necessary incident to the principal grant.

In looking into the testimony I do not find it proved that this extension is necessary to the enjoyment of the principal grant. The testimony of the witness Darling, who alone speaks on this subject, shows that the defendant has "lately acquired lots in One Hundred and Thirtieth street, near the Fourth avenue, intending to erect thereon stables," &c., made necessary by the increase of travel. To these lands there is no way of approach except through this street. And the judge finds as a fact, that "the defendant's cars cannot reach their depot grounds on the north side of One Hundred and Thirtieth street, without laying their tracks through One Hundred and Thirtieth street." But there is no evidence showing that the defendant's stables or depot were necessarily located on the north side of One Hundred and Thirtieth street, or near to the Fourth avenue, or that they might not as well have been located near to the Third avenue, or at the termination of its track. Upon like grounds, the defendant might extend its road to the end of Broadway, and go nearly the length of that street to reach stables it had chosen to locate there.

It is not necessary probably that the defendant should have shown an impossibility in the way of its getting a depot or stables at a nearer point; very great and unreasonable comparative expense at any other point, might perhaps authorize it to go near to the Fourth avenue. (*See Pettingill* agt. *Porter*, 8 *Allen, Mass.*) But it should be quite clear that under color of such necessity, the defendant was not extending its line of travel for its own profit. On any such extension as an incident, it is clear that the defendant could carry no passengers for hire. That would be the exercise of a franchise not granted over such a line. I do not think the case of *Seymour* agt. *The Can. and Niag. F. R. R. Co.* (25 *Barb.* at 310), aids the defendant. It is not necessary to refer to it particularly. If it could be held in any way to be at war with the doctrine herein declared, then with all proper respect, I should regard it as unsound.

Again, it is insisted that this remedy by injunction should not be allowed, as no damage had been shown. The judge has already found that this extension is a public nuisance. That alone on a trial, not necessarily on an application before answer, entitles the plaintiffs to this relief. The authority referred to by the defendant's counsel (2 *Story's Eq. Juris.* § 924), establishes that doctrine, or at least does not conflict with it. The complaint charges that the defendant is constructing, and is about to operate this extension for hire; that it is assuming to act under the resolution of the common council, which purports to grant that right. The answer does not deny this purpose. True, it insists that defendant is going through One Hundred and Thirtieth street for its own private accommodation, to reach its depot and stables, but it does not deny its purpose to operate the road there for hire. We have already seen that the necessity of this extension is not established; it is, therefore, unlawful. It is then plainly the attempted exercise by this defendant of a valuable franchise not authorized by law.

This, independently of any other considerations or proof, is a sufficient damage to uphold this decree. The judgment should be affirmed, with costs.