J. C. FOSTER v. RALPH A. CARRIER.

(Filed 12 March, 1913.)

1. **Trespass—Injunction—Indemnity Bond—Orders—Subsequent Motions—Courts—Discretion.**

Where in an action for continuous trespass upon the lands of another an injunction is sought, and upon the hearing of the motion the judge requires the defendant to give a bond indemni-

fying the plaintiff against damages and permits the defendant to continue to use or go upon the land for a certain purpose eight months after its giving the bond, to which order the defendant did not except, it is *Held*, that after the defendant had complied with the order and availed himself thereof for the period of time allowed, his motion for an extension of time is directed to the discretion of the court, from which there is no appeal.

2. **Trespass on Lands—Damages—Injunction—Financial Responsibility.**

A continuous trespass upon the land of another to its damage is of such a nature that the law will give injunctive relief, irrespective of the question as to whether or not the trespasser is able to respond in damages.

3. **Deeds and Conveyances—Conditions Precedent—Nonperformance —Trespass.**

When one goes upon the lands of another under a deed which was only to be delivered upon his performance of a certain condition, which he has failed to perform, and the deed has not therefore been delivered, he is a trespasser on the lands.

APPEAL by defendant from *Carter, J.,* at December Term, 1912, of ONSLOW.

*H. M. McClammy* for *plaintiff.*
*Stevens, Beasley & Weeks* and *Rountree & Carr* for *defendant.*

WALKER, J. This is an appeal from an order of *Judge Frank Carter,* continuing a restraining order or injunction to the hearing. Plaintiff brought this action to recover damages for trespass upon the lands in dispute and for an injunction against any further trespassing by defendant upon the same. *Judge G. W. Ward* had previously granted a restraining order and an order to show cause why the injunction should not be continued to the hearing, returnable 6 November, 1911. At the hearing on 17 November, 1911, he dissolved the injunction, but upon the express condition that defendant should give a bond in the sum of $10,000 to secure the payment of any damages plaintiff may sustain by reason of the trespass and continued use of the land for the purposes therein described, and upon the further condition "that the privileges of operating the tramroad and

going upon said land along the tramroad shall be restricted to a term of eight months from the date of the filing of the bond," which was 23 November, 1911. Defendant applied to *Judge O. H. Allen* at chambers for an order extending the time of eight months, allowed in the previous order for the operation of the tramroad, for an additional period of one year, and this matter was transferred to *Judge Carter* for a hearing, and was heard at October Term, 1912, when and where he refused the motion for an extension of the time allowed in *Judge Ward's* order for the defendant to operate the tramroad and to go upon the land, and enjoined him until the hearing from entering upon the land and from operating the tramroad. The motion of the defendant was heard upon the original order of *Judge Ward,* and upon affidavits, and *Judge Carter* found that the time allowed by the order of *Judge Ward* had expired, and that no ground appeared for an extension of it or the allowance of additional time.

As defendant did not except to *Judge Ward's* order, but the same was made presumably at his request and for his benefit, and upon the condition that he would not operate the tramroad upon the land longer than eight months after the filing of the bond, we do not see upon what ground he can now claim an extension of the time, as a matter of right. He submitted to the order of *Judge Ward* and accepted it with the condition annexed, and his present motion, therefore, was addressed to the sound discretion of the court.

We are unable to see that the defendant has any legal right to go upon the land to operate the tramroad or for any other purpose. A. M. Prince, a former owner, wrote a letter and executed a paper-writing, purporting to grant permission to defendant to operate the tramroad, but this was never effective, as it was left with Prince's attorneys, to be delivered upon a condition which was never performed. *Lumber Co. v. Cedar Works,* 158 N. C., 161. We do not wish or intend to express any opinion upon the merits of the case, which must be tried out later on, but so far as now appears to us from the present record, the defendant is nothing less than a trespasser on the land. As said in *Lumber Co. v. Cedar Works, supra:* "We

disagree with counsel that plaintiff's allegations do not bring its case within the spirit of section 807 of the Revisal. That act distinctly relieves the plaintiff in an action to enjoin a trespass upon land from alleging insolvency 'when the trespass complained of is continuous in its nature, or is the cutting or destruction of timber trees.' *Lumber Co. v. Cedar Works,* 142 N. C., 417. The complaint in this case alleges both species of trespass and an appropriation of a part of plaintiff's property, without authority, for the purpose of operating a steam railroad over it. Such trespasses as those alleged would have been enjoined at common law, without the aid of the statute. *Gause v. Perkins,* 47 N. C., 221; *Tise v. Whitaker,* 144 N. C., 511. Even a railway corporation, a common carrier possessing the power of eminent domain, may be enjoined from an extension of its track unauthorized by its charter. The right to enjoin in such cases does not depend upon the insolvency of the corporation, but the remedy is given because of the extraordinary character of the act sought to be enjoined. 1 High on Injunctions, sec. 599; *People v. R. R.,* 45 Barb., 63. It would be a most extraordinary destruction of the rights of property if a private corporation, possessing no power of eminent domain, could seize the lands of another, to which it had no semblance of title, and appropriate them to its own use, simply because it was able to respond in damages. This contention of the defendants is, in our opinion, without support in reason or authority." We see no practical difference between the two cases, and apart from any legal or technical aspect of the case, the first order made by *Judge Ward,* with defendant's consent or acquiescence, expressly restricted the time for defendant to operate the tramroad, and that period of time has expired.

No error.